SMC, Inc., Appellee, *v.* Laudi, Appellants.▌

[Cite as SMC, Inc., v. Laudi (1975), 44 Ohio App. 2d 325.]

(No. 33710—Decided July 10, 1975.)

*Mr. A. R. Mays* and *Mr. Marc Herlands,* for appellee.
*Mr. Walter A. Savage,* for appellants.

Manos, J.  In this appeal the City of Brooklyn (appellants are the agents of the City of Brooklyn and so for convenience shall be referred to as the "City") challenges the jurisdiction of the Court of Common Pleas to test the constitutionality of the City's zoning ordinances in an action initiated by administrative appeal pursuant to Chapter 2506 of the Ohio Revised Code.  The appellants also assign as error the Common Pleas Court's refusal to permit the City to introduce evidence in addition to that which was in the

transcript of proceedings before the Board of Zoning Appeals.

Plaintiff requested a permit to build a Lawson's Restaurant upon property zoned for single family residential use, located on Ridge Road, adjacent to the Biddulph Plaza Shopping Center. The building inspector refused to issue the permit because the anticipated use was prohibited by the City's zoning ordinances. Plaintiff then appealed to the Board of Zoning Appeals asking it to declare the restrictive ordinances unconstitutional. The plaintiff claimed that its contemplated use of the property was compatible with the area and that the restriction was an unreasonable limitation upon his property rights. No issue other than the constitutionality of the ordinances was before the Board. The Board granted a hearing and permitted plaintiff to present evidence which consisted of four witnesses; namely, a real estate appraiser, a civil engineer, a traffic engineer, and an urban planner. No witnesses were presented on behalf of the building inspector. The Board then ruled that it was without jurisdiction to hear the matter, presumably because it was neither empowered to question the constitutionality of the City's zoning ordinances, nor to change them, the latter, of course, being a matter for the city council. The plaintiff filed an appeal to the Court of Common Pleas pursuant to the authority of Chapter 2506 of the Ohio Revised Code. The City requested the court to permit it to introduce additional evidence, which request was denied. Solely on the basis of the evidence contained in the transcript of proceedings before the Board, the trial court reversed, finding that the Board's decision, in the statutory language of Section 2506.04 of the Ohio Revised Code, was "unsupported by the preponderance of substantial, reliable and probative evidence," and ordered the permit to be issued. The City appealed to this court.

The jurisdictional argument raised by the City reflects the position of the concurring opinions in *Mobil Oil Corp.* v. *City of Rocky River* (1974), 38 Ohio St. 2d 23. The City argues that the building inspector was without authority to issue a permit for a use not sanctioned by the zoning ordinances, and that the Board of Zoning Appeals was

without authority to consider the constitutionality of the zoning ordinances as applied to the property. The City urges us to conclude that the sole issue before the Common Pleas Court was the jurisdiction of the administrative officers of the City to hear the matter and that the Court of Common Pleas was without jurisdiction upon an administrative hearing to consider the constitutionality of the zoning ordinances.

The premise of the City concerning the authority of the building inspector and the Board is correct. As recognized by the majority in *Mobil Oil Corp.* v. *City of Rocky River, supra* at 26: ". . . the issue of constitutionality can never be administratively determined." *Mobil Oil* involved an appeal from the Board of Zoning Appeals of the City of Rocky River pursuant to R. C. Chapter 2506. Although the Rocky River Board had declined jurisdiction, the jurisdictional issue was not affirmatively raised before the Supreme Court. The court in strong language stated at 38 Ohio St. 2d 26:

"Our decision in *State, ex rel. Sibarco Corp.,* v. *City of Berea* (1966), 7 Ohio St. 2d 85, 218 N. E. 2d 428, made it clear that zoning restrictions may be constitutionally questioned by a landowner who appeals an adverse administrative decision to the Court of Common Pleas."

Our research revealed no case in which the jurisdictional issue has been squarely raised before the Supreme Court with the question framed as it is in this case by an appeal from an administrative decision pursuant to R. C. Chapter 2506. The initial decisions of the Supreme Court declaring that the trial courts should consider the constitutional validity of zoning restrictions in an administrative appeal arose in mandamus actions in which the court upheld the dismissal of the action. In those initial decisions the Supreme Court held that Chapter 2506 constituted an adequate remedy at law for vindicating constitutional challenges to the application of zoning ordinances. The availability of the Chapter 2506 procedure compelled the dismissal of mandamus actions that sought to establish such constitutional claims. *State, ex rel. Sibarco Corp.,* v. *City of Berea* (1966), 7 Ohio St. 2d 85, 91; *State, ex rel Fred-*

*rix*, v. *Village of Beachwood* (1960), 171 Ohio St. 343; *State, ex rel. Gund Company*, v. *Village of Solon* (1960), 171 Ohio St. 318.

The jurisdictional issue was solidly raised before this court in the case of *Shaker Coventry Corp.* v. *Shaker Heights Board of Zoning Appeals* (Cuyahoga, 1962), 115 Ohio App. 472 [appeal dismissed for the reason that no constitutional question was involved (1962), 173 Ohio St. 572], in which the jurisdiction of the Common Pleas Court to declare a zoning ordinance unconstitutional as it applied to a specific property in a procedure pursuant to Chapter 2506 of the Ohio Revised Code, was upheld. At page 476, 477 this court commented as follows:

"The peculiar proposition advanced by the appellants is that, because the Zoning Board of Appeals refused to take jurisdiction of this matter, the trial court was also without jurisdiction. This, in our opinion, is a fallacious argument. If this contention were sound, no relief could be granted to any property owner who felt aggrieved. The council of the city having established the zoning, the Building Commissioner could not issue the permit contrary thereto. It follows, therefore, that the Zoning Board of Appeals, in its refusal to accept jurisdiction, leaves the complainant with only the remedy of appeal to the courts under Chapter 2506 of the Revised Code. In the instant case, the appellee invoked the only remedy available to it. See *State, ex rel. Fredrix*, v. *Village of Beachwood* and other above-cited cases to the same effect."

Of course, an action in declaratory judgment is available to raise the issue of the constitutionality of zoning ordinances. *Kaufman* v. *Village of Newburgh Heights* (1971), 26 Ohio St 2d 217; *Burt Realty Corp.* v. *City of Columbus* (1970), 21 Ohio St. 265. In spite of the availability of the remedy of declaratory judgment, we must hold, because of the strong pronouncements of the Supreme Court in *State, ex rel. Sibarco Corp.*, v. *City of Berea*, *supra* and *Mobil Oil Corp.* v. *City of Rocky River*, *supra*, that the constitutionality of zoning ordinances may be tested by an appeal pursuant to R. C. Chapter 2506 in the Court of Common Pleas. We recognize that this interpreta-

tion of R. C. Chapter 2506 creates an anomalous procedure. The *Mobil Oil* decision permits a Common Pleas Court to achieve a result in a zoning case that is contrary to the result achieved by a Board of Zoning Appeals even though the Board accurately determined all of the issues before it. This anomalous result arises when the Board correctly resolves all of the issues within its jurisdiction against the plaintiff but is nevertheless reversed by a Common Pleas Court that finds the ordinances unconstitutional. However, this procedure expedites zoning litigation. In typical zoning cases issues over which boards of zoning appeals do have jurisdiction, such as hardship and variance, are intertwined in the same fact situation with the constitutional questions. Nothing can be gained by requiring a litigant to file an appeal in order to challenge a determination on hardship or variance and then file a separate action in declaratory judgment in order to raise the validity of the zoning ordinance. Under Rule 42 of the Rules of Civil Procedure, the actions would be consolidated anyway. We therefore hold that the Court of Common Pleas has jurisdiction to consider the constitutionality of the zoning ordinances of a municipality as applied to a specific property in an appeal from the Board of Zoning Appeals of the municipality pursuant to R. C. Chapter 2506, even though the Board correctly rules that it does not have jurisdiction to hear constitutional issues.

The other issue raised by this appeal concerns the ruling of the court below denying the City the opportunity to present evidence. The presentation of evidence in an administrative appeal is rigidly confined by Section 2506.03 of the Ohio Revised Code to the transcript of proceedings before the administrative agency, unless certain specifically enumerated exceptions apply. *Libis* v. *Board of Zoning Appeals of Akron* (Summit, 1972), 33 Ohio App. 2d 94; *12701 Shaker Blvd. Co.* v. *City of Cleveland* (Cuyahoga, 1972), 31 Ohio App. 2d 199. The record on appeal discloses in this case that no conclusions of fact were filed with the court by the Board. Therefore, the exception set forth in subsection (E) of Section 2506.03 applies. That subsection provides as follows:

"The officer or body failed to file with the transcript, conclusions of fact supporting the order, adjudication or decision appealed from; in which case, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. At the hearing, any party may call as if on cross-examination, any witness who previously gave testimony in opposition to such party."

Even if the Board had filed conclusions of fact, we would hold that the court should have permitted the parties to offer additional evidence. As we have indicated, the Board was without authority, nor was it competent, to evaluate the constitutional question. Therefore, the court could not test the Board's conclusions against the evidence presented to it. Although ordinarily judicial review pursuant to Chapter 2506 does not provide for a trial *de novo*, *Schoell* v. *Sheboy* (Cuyahoga, 1973), 34 Ohio App. 2d 168; *Manning* v. *Straka* (Lorain, 1962), 117 Ohio App. 55, the issue of the constitutionality of zoning restrictions must be tried originally in the Court of Common Pleas. The court is not reviewing the decision of the Board, but rather is testing the ordinances of the governmental body against the State and Federal constitutions. The issue is presented in the same manner before the court whether raised by administrative appeal or declaratory judgment.

The City in this case did not choose to present evidence before the Board of Zoning Appeals and was prohibited from presenting evidence to the Court of Common Pleas. Section 2506.03 does not limit to the appellant the right to request that additional evidence be presented. Either party may request, or the court on its own motions may require, that additional evidence be presented.

This case is remanded to the Court of Common Pleas with instructions to permit the parties to introduce additional evidence and to try the case as an original action based upon the transcript of proceedings before the Board of Zoning Appeals and such additional evidence as the parties might offer.

*Judgment accordingly.*

KRENZLER, P. J., and JACKSON, J., concur.

KRENZLER, P. J., concurring. I concur in the judgment of reversal which holds that an attack on the constitutionality of a zoning ordinance may be made in an appeal from an administrative agency under Chapter 2506 R. C., but I believe that it would be more consistent with the law to hold that a declaratory judgment action under Chapter 2721 R. C. should be the exclusive remedy to challenge the constitutionality of a zoning ordinance as it affects a particular parcel of property.

I recognize that after much litigation as to the appropriate method of attacking constitutionality of a zoning ordinance, it is now well established that a person may challenge the constitutionality of such ordinance as it affects his property either in a declaratory judgment action under Chapter 2721 R. C., or by an appeal from an administrative agency to the common pleas court under Chapter 2506 R. C. *Driscoll* v. *Austintown Associates* (1975), 42 Ohio St. 2d 263; *Mobil Oil Corp.* v. *Rocky River* (1974), 38 Ohio St. 2d 23; *State, ex rel. Sibarco Corp.*, v. *City of Berea* (1966), 7 Ohio St. 2d 85. It is also noted that the Ohio Supreme Court has declared that the extraordinary writ of mandamus is not the appropriate vehicle in which to attack constitutionality of a zoning ordinance because the property owner has an adequate remedy at law. *State, ex rel. Sibarco Corp.*, v. *City of Berea, supra*; *State, ex rel. Fredrix*, v. *Village of Beachwood* (1960), 171 Ohio St. 343; *State, ex rel. Gund Co.*, v. *Village of Solon* (1960), 171 Ohio St. 318.

A declaratory judgment action under Chapter 2721 R. C. is an independent action at law which was created by statute and which may be brought even though a party has an alternative remedy and the use of a declaratory judgment action is not limited to cases in which there is no other available remedy. *Schaefer* v. *First National Bank* (1938), 134 Ohio St. 511; Civil Rule 57, Ohio Rules of Civil Procedure.

A declaratory judgment action is not an extraordinary remedy such as mandamus nor is it an equitable remedy but it is a remedy in the ordinary course of law. See *Burt Realty Corp.* v. *Columbus* (1970), 21 Ohio St. 2d 265, 268.

However, a declaratory judgment action may not be brought if there is an exclusive statutory remedy which that person must use. In such case there is not an alternative remedy but an exclusive remedy and consequently a declaratory judgment action may not be maintained. *Dayton Transit Co.* v. *Dayton Power and Light* (1937), 57 Ohio App. 299. Also, a declaratory judgment action may not be maintained if there is an available administrative remedy which is effectual to afford the relief sought. *Driscoll* v. *Austintown Associates, supra* at 267. But the affirmative defense of failure to exhaust administrative remedies must be timely asserted or it is considered waived. *Driscoll* v. *Austintown Associates, supra.*

I will now discuss the administrative acts which are subject to appeal under Chapter 2506 R. C. While an administrative agency such as a board of zoning appeals or planning and zoning commission may have limited authority to grant relief such as a variance in the event of a hardship, they generally cannot change use, which is the function of a legislative body, nor can they declare a zoning ordinance unconstitutional. Further, a rejected request that a city council rezone property is legislative and not administrative action and therefore may not be appealed under Chapter 2506 R. C. *Tuber* v. *Perkins* (1966), 6 Ohio St. 2d 155. An appeal under Chapter 2506 R. C. must be from an administrative agency such as a planning and zoning commission, board of zoning appeals, or by a city council acting in its quasi-judicial capacity and not in its legislative capacity.

As stated above a declaratory judgment action under Chapter 2721 R. C. is an independent action and may be brought even though a party has an alternative remedy, and the mere existence of Chapter 2506 R. C. does not preclude an action for declaratory judgment because Chapter 2506 R. C. is a non-exclusive alternative method of attacking the constitutionality of a zoning ordinance. See *Driscoll* v. *Austintown Associates, supra* at p. 269; also see, Krenzler, J., Dissenting Opinion, *State of Ohio, ex rel. Iris Sales Company,* v. *George V. Voinovich, etc. et al.* (Cuyahoga County Court of Appeals, 1975), Case No. 33494.

The argument that a party must exhaust his administrative remedies before bringing a declaratory judgment action only applies if the administrative agency has authority to grant the relief sought and this defense is timely raised. Otherwise, it is waived. *Driscoll* v. *Austintown, supra* at pp. 273-276.

The Supreme Court in *Driscoll* v. *Austintown* stated, "* * * This court has recognized at least two situations in which exhaustion of administrative remedies is not required prior to filing a declaratory judgment action challenging the constitutionality of zoning. One, of course, is the situation in which there is not an administrative remedy available which could provide the relief sought. *Kaufman* v. *Newburgh Heights* (1971), 26 Ohio St. 2d 217. The other is the situation in which the administrative remedy is unnecessarily onerous. *Burt Realty Corp.* v. *Columbus, supra.*" (42 Ohio St. 2d 263, at 275.)

The Supreme Court of Ohio has now stated in clear terms that the constitutionality of a zoning ordinance may be attacked in an appeal from a decision of an administrative agency under Chapter 2506 R. C. to the Common Pleas Court even though the administrative agency has limited authority to act and may not act directly on the issue of constitutionality. *Mobil Oil Corp.* v. *Rocky River, supra*; *State, ex rel. Sibarco Corp.,* v. *City of Berea, supra.* The Supreme Court did not explain in detail why the issue of constitutionality of a zoning ordinance can be raised in an appeal from an administrative agency under Chapter 2506 when that agency has no authority or jurisdiction to rule on that issue. It is noted that Justice Brown of the Ohio Supreme Court in his Concurring Opinion in *Mobil Oil Corp.* v. *Rocky River, supra* at p. 33, stated, "that * * * [if a board of zoning appeals] was without power to grant the requested variance, then an appeal under Chapter 2506 R. C. was inappropriate." He also stated on p. 34, "* * * Since the overall constitutionality of the zoning ordinance could not have been administratively determined, a declaration of the ordinance's unconstitutionality in the appeal to the trial court would have been particularly inappropriate."

But since the common pleas court does have general au-

thority to rule on the constitutionality of the zoning ordinance, apparently the Supreme Court believed that it made no difference whether the issue was raised in a declaratory judgment action or in an appeal under Chapter 2506 R. C.

Perhaps the Supreme Court reached this conclusion because of the inconsistent position taken by governmental agencies whenever a property owner brought either a declaratory judgment action under Chapter 2721 R. C. or attempted to take an appeal under Chapter 2506 R. C. and raise the issue of the constitutionality of the zoning ordinance. The governmental agency usually attacked and defended such actions by stating that whichever action was taken, it was not the appropriate remedy and that the other remedy whether it be by declaratory judgment action or by an appeal under Chapter 2506 R. C. was the appropriate remedy. Consequently property owners were forced to take an appeal under Chapter 2506 R. C. and simultaneously file a declaratory judgment action under Chapter 2721 R. C., and move for consolidation of the cases.

Because the Supreme Court's holding in *Mobil Oil Corp.* v. *Rocky River, supra* and *State, ex rel. Sibarco,* v. *City of Berea, supra* expedites the judicial process and neither side is prejudiced by this holding it appears to be an appropriate ruling and naturally will be followed by the courts in Ohio.

Lastly, it is especially noted that whenever there is an attack on the constitutionality of a zoning ordinance, whether in a declaratory judgment action under Chapter 2721 R. C. or an appeal under Chapter 2506 R. C., the court must first determine whether the existing zoning ordinance in question is constitutional and if it does find that such ordinance is unconstitutional as it applies to the particular property in issue, it must then decide whether the use or uses sought by the property owner is reasonable. *Mobil Oil Corp.* v. *Rocky River, supra.*