**Morgan**
**v.**
**Columbus Development Dept.**
*[Cite as 2 AOA 573]*

*Case No. 89AP-1265*
*Franklin County, (10th)*
*Decided April 5, 1990*

*R.C. 2506.01*

*Luper, Wolinetz, Sheriff & Neidenthal, Mr. K. Wallace Neidenthal, Mr. Thomas L. Hudson and Mr. Gunther K Lahm, for Appellant.*

*Mr. Ronald J. O'Brien, City Attorney, and Mr. Douglas K. Browell, for Appellee.*

BRYANT, J.
Appellant, John L. Morgan, appeals from a judgment of the Franklin County Court of Common Pleas affirming the decision of the Columbus Civil Service Commission, which dismissed appellant's appeal for lack of jurisdiction. Appellant sets forth a single assignment of error:

"In sustaining the objections to the referee's report and consequently dismissing the appeal for lack of jurisdiction, the trial court's decision constituted and abuse of discretion and was contrary to law."

As stipulated by the parties for purposes of this appeal, appellant was appointed to the position of Deputy Director of Development for the city of Columbus on January 24, 1988. During his probationary period, his employment was terminated for insubordination, premised on appellant's having invoked his Fifth Amendment rights under the United States Constitution in response to questions from the

Internal Affairs Bureau of the Columbus Police Division relative to certain of appellant's activities.

Appellant appealed to the Columbus Civil Service Commission where he admitted to being a probationary employee at the time of his termination, but nonetheless contended that he was wrongfully terminated for invoking his constitutional rights. The Columbus Civil Service Commission dismissed his appeal for lack of jurisdiction pursuant to Columbus City Charter Section 149(o) and Rule XI(E)(4).

Appellant appealed to the common pleas court. Although admitting that he was a probationary employee at the time of his employment, appellant asserted in the common pleas court that, as a classified probationary employee, he could not be terminated in violation of his constitutional rights. Further, while admitting that the Columbus Civil Service Commission had no jurisdiction to determine the constitutional argument he raised, appellant asserted that the common pleas court had jurisdiction pursuant to R.C. 2506.01 to hear the constitutional question, and further had a duty to exercise its jurisdiction.

Although a referee of the common pleas court recommended that the court exercise jurisdiction over appellant's constitutional argument, the court sustained appellee's objections to the report, found that the Columbus Civil Service Commission properly had dismissed appellant's appeal for lack of jurisdiction, and affirmed the decision of the Columbus Civil Service Commission. Further, the court refused to consider appellant's contentions that he had been wrongfully terminated for exercising his constitutional rights.

Appellant appeals therefrom, contending that the common pleas court had jurisdiction pursuant to R.C. 2506.01 to consider whether his termination was an unconstitutional deprivation of his job.

Preliminarily, we note that we do not address the merits of appellant's contention that he was wrongfully terminated. Rather, we limit our opinion solely to whether the common pleas court had jurisdiction to consider appellant's contentions on an appeal from the Columbus Civil Service Commission's decision dismissing appellant's appeal for lack of jurisdiction.

In addressing that issue, we note that appellant concedes that he was a probationary employee and that he was terminated within the probationary period. As such, both parties agree that the Columbus Civil Service Commission lacked jurisdiction over appellant's appeal of his termination. Specifically, Columbus City Charter Section 149(o) states in pertinent part:

"*** An employee removed by the appointing authority during or at the end of the probationary period may be restored to the eligible list if the commission determines he would be suitable for appointment to another position. *There shall be no appeal of any kind from the action of the appointing authority removing an employee during or at the end of the probationary period.*"

Moreover, Rule XI(E)(1) and (4) state:

"1. The Service of any employee may be terminated by the appointing authority at any time during the probationary period by submitting a written report to the Civil Service Commission and the employee specifying the reason the employee is found unsatisfactory and such removal shall be final.

"***

"4. There shall be no appeal of any kind from the action of the appointing authority removing an employee during or at the end of the probationary period."

Accordingly, we agree with the common pleas court's affirming the Columbus Civil Service Commission decision to dismiss for lack of jurisdiction appellant's appeal of his termination as a probationary employee.

However, as appellant noted before the common pleas court, his primary contention is that his termination was an unconstitutional deprivation of a job because "he was terminated for asserting his constitutional rights"; that, although the Columbus Civil Service Commission cannot hear and determine the issue, R.C. 2506.01 confers jurisdiction on the common pleas court to do so. R.C. 2506.01, which is entitled "Appeal from decisions of any agency of any political subdivision," states:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code, except as modified by this chapter.

"The appeal provided in this chapter is in addition to any other remedy of appeal provided by law.

"A 'final order, adjudication, or decision' means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationship of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding."

We conclude that the trial court could not consider appellant's constitutional argument under R.C. 2506.01. The statute's plain language indicates that R.C. Chapter 2506 appeals exist only as a means of challenging an agency's decision. If the common pleas court determines that the agency's decision is correct, then the court's task under R.C. Chapter 2506 is finished. In the present case, the common pleas court affirmed the commission's dismissal of the appeal. Indeed, appellant's constitutional argument does not challenge the commission's dismissal: appellant does not argue that the commission erred by not considering a constitutional argument or that the commission's dismissal somehow infringed upon appellant's constitutional rights. Therefore, the common pleas court correctly found that it lacked jurisdiction under R.C. Chapter 2506 to hear appellant's constitutional argument.

Nevertheless, appellant contends that cases involving zoning support his position that the common pleas court, in an R.C. Chapter 2506 appeal, may address a constitutional issue upon which the agency has not ruled. Specifically, the Supreme Court of Ohio has stated:

"*** It is not fatal to *** [a 2506] appeal that the constitutional claim was not initially argued before the administrative officer or board, for the issue of constitutionality can never be *administratively* determined. Nor is it fatal that the adverse decision appealed from was nondiscretionary or ministerial, since it is the validity of the underlying ordinance, insofar as it has compelled that administrative decision, which is being challenged." *Mobil Oil Corp.* v. *Rocky River* (1974), 38 Ohio St. 2d 23, 26. See, also, *SMC, Inc.* v. *Laudi* (1975), 44 Ohio App. 2d 325.

However, *Mobil Oil* and *SMC* are not analogous to the present case, since, in this instance, the "validity of the underlying" municipal action has not "compelled" the commission's decision. Instead of determining that the appointing authority's action was valid, the commission in the present case based its decision upon the commission's lack of jurisdiction to hear the appeal. More particularly, in *Mobil Oil* and *SMC*, the boards of zoning appeals determined whether municipalities had acted properly in refusing to issue building permits to appellants. On appeal, the common pleas courts likewise addressed the validity of the refusal to issue permits, the only difference being that the common pleas court could also determine the constitutional validity of the municipalities' actions. Here, in contrast, appellant's constitutional argument does not pertain to the commission's decision. Even if the common pleas court were to have found that the appointing authority violated appellant's rights, that finding would not have affected the correctness of the commission's ruling that it lacked jurisdiction to hear the appeal. In sum, *Mobil Oil* and its progeny do not indicate that the common pleas court had jurisdiction over appellant's constitutional argument.

Furthermore, the "quasi-judicial" requirement for review of administrative appeals lends no support to appellant's position. In *M.J. Kelley Co.* v. *Cleveland* (1972), 32 Ohio St. 2d 150, paragraph one of the syllabus, the court noted:

"The review of proceedings of administrative officers and agencies, authorized by Section 4(B), Article IV of the Ohio Constitution, contemplates quasi-judicial proceedings only, and administrative actions of administrative officers and agencies not resulting from quasi-judicial proceedings are not appealable to the Court of Common Pleas under the provisions of R.C. 2506.01. *(Fortner* v. *Thomas,* 22 Ohio St. 2d 13, approved and followed.)"

In addition, the second syllabus of *M.J. Kelley* stated:

"Proceedings of administrative officers and agencies are not quasi-judicial where there is no requirement for notice, hearing and the opportunity for introduction of evidence."

I. *State, ex rel. Rieke,* v. *Hausrod* (1979), 59 Ohio St. 2d 48, the Supreme Court had the opportunity to apply *M.J. Kelley* to consider a situation similar to the present case. Therein, appellant, Robert A. Rieke, was terminated during a probationary period. He attempted to secure review of the discharge order from the relevant civil service commission, but the commission advised that city records showed him to be a probationary employee; on that basis a hearing was denied. In reviewing the

matter, the Supreme Court of Ohio concluded that "[n]o such quasi-judicial proceeding is evidenced by the record in the instant cause." *Id.* at 49-50. Similarly, appellant had no notice or opportunity for a hearing to raise the constitutional issue, since, in the present case, the commission did not reach the merits of the dispute. Indeed, in an affidavit filed with the common pleas court, appellant stated that the hearing before the Columbus Civil Commission was limited, dealing only with the issue of jurisdiction; that he was not afforded a hearing on the merits; that due to the limited scope of the hearing, he was not permitted fully to present his position, arguments, and contentions; that he was not permitted "to offer and examine witnesses and present evidence in support thereof"; and that he was not permitted to cross-examine witnesses "purporting to refute his position, argument contentions." In short, we find no evidence in the record of any quasi-judicial proceedings before the Columbus Civil Service Commission relative to the issue for which appellant seeks review.

In the final analysis, appellant has set forth no basis on which the common pleas court could assume jurisdiction of the constitutional argument he raises. Accordingly, we find that the common pleas court properly declined to consider in his R.C. 2506.01 appeal whether appellant was improperly terminated from his position for invoking his constitutional rights. We note that, despite appellant's inability to proceed on appeal under R.C. 2506.01, appellant is not deprived of a remedy to bring before the common pleas court or some other tribunal the issue he seeks to have reviewed in this action. For example, appellant, as did the employee in *Rieke,* may commence a mandamus action wherein he may raise the constitutional argument he posed before the common pleas court on appeal. While appellant expressed some concern that appellee would assert as defenses therein that appellant failed to exhaust his administrative remedies or that appellant has an adequate remedy at law, appellee concedes that neither argument would be appropriate in such an action.

Given the foregoing, we overrule appellant's single assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*
MC CORMAC and WEST, JJ., concur.

WEST, J., of the Logan County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.