T.O.P. 1 PARTNERS, Appellant,

v.

CITY OF STOW, Appellee.

[Cite as *T.O.P. 1 Partners v. Stow* (1991), 73 Ohio App.3d 24.]

Court of Appeals of Ohio,
Summit County.

No. 14836.

Decided April 10, 1991.

*Michael T. Gavin,* for appellant.
*L. James Martin,* for appellee.

CACIOPPO, Judge.

This dispute arises from an administrative appeal to the Summit County Court of Common Pleas pursuant to R.C. Chapter 2506. In 1989, plaintiff-appellant, T.O.P. 1 Partners ("TOP"), purchased the Workman Elementary School in Stow for the purpose of establishing a shopping center. In an attempt to secure approval of their site plans, TOP appeared before the Stow City Council ("council"). On March 15, 1990, a resolution authorizing the project was defeated.

TOP filed a notice of appeal to the common pleas court on April 9, 1990. A motion for leave to present additional evidence and an accompanying brief was submitted by TOP on May 24, 1990. Defendant-appellee, city of Stow, then filed its answer on June 4, 1990. No further materials were offered by the parties. On October 15, 1990, the common pleas court denied TOP's motion and affirmed the council's decision. This appeal follows. To simplify our resolution of this dispute, the order of the three assignments of error has been rearranged.

### Assignment of Error II

"The trial court erred in denying appellant's request to present evidence in addition to that appearing in the transcript."

Ordinarily, judicial review in R.C. Chapter 2506 administrative appeals is confined to the transcript. R.C. 2506.03(A). Additional evidence may be presented, however, if a statutorily defined exception is satisfied. *Sylvester v. Howland Twp. Bd. of Zoning App.* (1986), 34 Ohio App.3d 270, 272, 518 N.E.2d 36, 38. One such exception exists when:

"The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from[.]" R.C. 2506.03(A)(5).

While incorrectly citing the statute, TOP squarely raised this provision in the common pleas court as grounds for presenting additional evidence. The face of the transcript confirms that the council did not submit conclusions of fact as required.

The common pleas judge excused this omission by allowing counsel for the city of Stow to include "findings of facts" in the answer to TOP's notice of appeal. We cannot agree that this satisfies R.C. 2506.03(A)(5). Therefore, the common pleas court erred by denying the motion to present additional evidence.

This assignment of error is well taken.

### Assignments of Error

"I. The trial court erred in rendering a decision without providing appellant the opportunity to file its assignments of error and brief."

"III. The transcript establishes that the agencies of the City, in denying site plan approval, acted illegally and unconstitutionally; and the trial court erred in finding otherwise."

Having already ruled that TOP should have been permitted to supplement the record, any discussion of briefs or the merits of the administrative appeal would be premature. Accordingly, these assignments of error are overruled.

### *Conclusion*

The decision of the trial court overruling the motion to present additional evidence is reversed. This appeal is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

QUILLIN, P.J., and COOK, J., concur.