RIFE et al., Appellants,

v.

FRANKLIN COUNTY BOARD OF ZONING APPEALS et al., Appellees.

[Cite as *Rife v. Franklin Cty. Bd. of Zoning Appeals* (1994), 97 Ohio App.3d 73.]

Court of Appeals of Ohio,
Franklin County.

No. 93APE11–1591.

Decided Sept. 15, 1994.

74

*Fred J. Milligan, Jr.,* for appellants.

*Michael Miller,* Franklin County Prosecuting Attorney, *Steven Ballard* and *Jeffrey L. Glasgow,* Assistant Prosecuting Attorneys, for appellee Franklin County Board of Zoning Appeals.

*Bricker & Eckler, Richard S. Lovering* and *Andrew S. Folkerth,* for appellees Steve Morris, TransOhio Title Agency, Inc., and Tom C. Taylor III.

PETREE, Judge.

Appellants, Donald H. Rife and Nancy J. Rife, appeal from a judgment of the Franklin County Court of Common Pleas affirming a decision of the Franklin County Board of Zoning Appeals approving the zoning administrator's issuance of a certificate of zoning compliance to appellees, Steve Morris, TransOhio Title Agency, Inc., trustee, and Tom C. Taylor III.

Appellants assert the following three assignments of error:

"I. The Trial Court erred in overruling appellants' motions to allow additional evidence because the Board failed to file with the transcript conclusions of fact

supporting the decision appealed from and the refusal to allow additional evidence was prejudicial.

"II. The Trial Court erred in overruling Appellants' motion for a trial de novo because the constitutionality of the application of the zoning regulations was raised by the Administrator before the Board and by the Appellees in their brief.

"III. The Trial Court erred in affirming the decision of the Franklin County Board of Zoning Appeals, which was unlawful for the following reasons:

"1. A ready-mixed concrete business is not a permitted use in the community service (CS) zoning district and therefore the Zoning Administrator erred in approving a certificate of zoning compliance which allowed land and buildings in the CS district to be used for such a business.

"2. Land in the CS zoning district may not be used as a private access drive for concrete trucks and sand and gravel trucks servicing a concrete batch plant which is a permitted use only in the General Industrial (GI) zoning district but not a permitted use in the CS district.

"3. The Zoning Administrator erred in approving a certificate of zoning compliance for a concrete batch plant in the (GI) zoning district where the industrially zoned land did not comply with Section 346.042 of the Franklin County Zoning Resolution, which requires a lot in such district to have 100 feet of frontage on a public street.

"4. The Board and Trial Court erred in failing to apply the doctrine of res adjudicata where a prior decision of the Board approving a certificate of zoning compliance for a concrete batch plant had been appealed to the court and a judgment entered by agreement of the parties vacating the decision approving the certificate.

"5. The Zoning Administrator and the Board erred by considering the constitutionality of the application of the zoning regulations in arriving at their decision to issue a certificate of zoning compliance."

On July 10, 1992, appellee, Steve Morris, submitted an application for a certificate of zoning compliance to the Franklin County Zoning Administrator seeking permission to operate a ready-mix concrete business on a ten-acre tract of land owned by appellee and located in Blendon Township.[1] The western portion of the tract, upon which the concrete plant was to be located, is classified as a general industrial ("GI") district, pursuant to a Franklin County zoning resolution. There is no dispute that the operation of a ready-mix concrete business is a permitted use in a GI district under applicable Franklin County

---

1. Appellee, Tom Taylor III, is successor in interest to the subject property.

zoning ordinances. The eastern portion of the ten-acre tract is designated as a community service ("CS") district, pursuant to a Franklin County zoning resolution. There is no dispute that the operation of a ready-mix concrete business is not a permitted use in a CS district under applicable Franklin County zoning ordinances. The CS district fronts on Paris Court, a public street; there is no direct access to Paris Court from the GI district. Appellees wish to use the CS district as an access route for the ready-mix concrete plant.

The zoning administrator issued a certificate of zoning compliance to appellee for operation of the ready-mix concrete business. Appellants, owners of an adjoining lot, appealed the administrator's decision to the Franklin County Board of Zoning Appeals. On the date of the hearing before the board, the administrator submitted a memorandum setting forth his reasons for granting the certificate of zoning compliance. At the close of the evidentiary hearing, the board members voted to deny appellants' administrative appeal and affirm the issuance of a certificate of zoning compliance. Appellants appealed the board's decision to the Franklin County Court of Common Pleas pursuant to R.C. 2506.01 *et seq.* The common pleas court affirmed the decision of the board.

■ In appellants' first assignment of error, appellants contend that the common pleas court erred by denying their motion to allow additional evidence, since the transcript of proceedings before the board did not contain conclusions of fact supporting the board's decision. R.C. 2506.03 provides, in relevant part:

"(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

" * * *

"(5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from[.]"

In denying appellants' motion, the common pleas court concluded that R.C. 2506.03(A)(5) did not apply since the board adopted the conclusions of fact contained in the administrator's memorandum when the members voted to deny appellants' administrative appeal. We disagree with the court's conclusion.

In *T.O.P. 1 Partners v. Stow* (1991), 73 Ohio App.3d 24, 595 N.E.2d 1044, the Summit County Court of Appeals addressed a similar issue to the one presented herein. In *T.O.P. 1 Partners*, appellant had appealed to the common pleas court from a decision of the Stow City Council disapproving appellant's site plans for a shopping center. The city council did not file conclusions of fact with the transcript of proceedings. The common pleas court denied appellant's motion to present additional evidence and permitted counsel for the city of Stow to

supplement the record by including findings of fact in its answer to appellant's notice of appeal. *Id.* at 25, 595 N.E.2d at 1044. The Summit County Court of Appeals reversed the trial court, stating:

" * * * TOP [appellant] squarely raised this provision [R.C. 2506.03(A)(5) ] in the common pleas court as grounds for presenting additional evidence. The face of the transcript confirms that the council did not submit conclusions of fact as required.

"The common pleas judge excused this omission by allowing counsel for the city of Stow to include 'findings of facts' in the answer to TOP's [appellant's] notice of appeal. We cannot agree that this satisfies R.C. 2506.03(A)(5). Therefore, the common pleas court erred by denying the motion to present additional evidence." *Id.* at 26, 595 N.E.2d at 1044–1045.

In accordance with the holding in *T.O.P. 1 Partners, supra,* we cannot agree that the inclusion of the administrator's memorandum as part of the transcript of proceedings satisfies R.C. 2506.03(A)(5). We note that the administrator's memorandum was not submitted to the board until the day of the hearing. Additionally, although the board members did vote to deny appellants' appeal, there is no indication in the record that the board expressly adopted the administrator's memorandum or any of the findings of fact contained in it.

■ In denying appellants' motion to present additional evidence, the common pleas court relied on this court's decision in *Franklin Twp. v. Marble Cliff* (1982), 4 Ohio App.3d 213, 4 OBR 318, 447 N.E.2d 765. In *Franklin Twp.,* the issue before this court was whether the common pleas court erred in not permitting appellant to present additional evidence where the transcript of the administrative proceedings before the Franklin County Board of Commissioners contained gaps and omissions. *Id.* at 214, 4 OBR at 319–320, 447 N.E.2d at 766–767. This court held that, even if the common pleas court had committed error by not considering additional evidence, error was not prejudicial to appellant since appellant had not demonstrated that there was any reasonable likelihood that the outcome would have been different had the common pleas court permitted appellant to introduce additional evidence. *Id.* at 217, 4 OBR at 322, 447 N.E.2d at 769.

This court's decision in *Franklin Twp.,* is distinguishable from the instant case for several reasons. First, in *Franklin Twp.,* appellant had not raised the issue of an incomplete transcript until after the trial court had rendered its decision on the merits of appellant's appeal. *Id.* at 216, 4 OBR at 321–322, 447 N.E.2d at 768. Here, appellants filed a prehearing motion to allow additional evidence, which was originally granted by the trial court and then subsequently denied upon reconsideration. Second, in *Franklin Twp.,* appellant did not make any

proffer of the evidence that was omitted from the transcript. Here, appellants submitted the affidavit of counsel setting forth the additional evidence appellants intended to introduce.

Finally, to the extent that *Franklin Twp.* requires appellant to make a threshold showing of prejudice due to the disallowance of additional evidence, we note that appellants' proffer cites evidence which directly contradicts factual findings underlying the administrator's decision to grant the certificate of zoning compliance. In the administrator's memorandum, he stated:

" * * * I determined that the use is a permitted use in the GI zone and that the property owner could grant himself access across that CS portion of the lot, *since the established uses there, heavy trucking and maintenance, already are allowed as conditional uses in the CS zone.*" (Emphasis added.)

The affidavit of appellants' counsel states that "the conditional use was granted only for 'contractor's offices.' " Additionally, while the record of proceedings before the board contains documentary evidence supporting the existence of a conditional use permit for "contractor's offices," the record contains no proof of the existence of a conditional use permit for "heavy trucking and maintenance." Appellants' primary argument in this case is that access to the proposed ready-mix concrete plant through the CS district is not permitted under existing Franklin County zoning ordinances unless an appropriate conditional use permit has previously issued. See *S.A. Horvitz Testamentary Trust v. Cleveland* (May 21, 1981), Cuyahoga App. No. 43206, unreported, 1981 WL 4972. The absence of any evidence establishing the existence of a conditional use permit for the CS district, which would permit such access, demonstrates the need for additional evidence in this case. See *Cahill v. Dayton Bd. of Zoning Appeals* (1986), 30 Ohio App.3d 236, 236–237, 30 OBR 394, 394–396, 507 N.E.2d 411, 411–413 (additional evidence permitted by R.C. 2506.03 may include evidence offered by the proponent of the administrative order to supplement testimony from the administrative hearing which would otherwise be insufficient to support the order appealed from).

Given the state of the record herein, and in light of the board's failure to include conclusions of fact as part of the transcript of proceedings, we hold that the common pleas court erred to the prejudice of appellants by denying the motion to present additional evidence. Accordingly, this case is remanded to the Franklin County Court of Common Pleas for an evidentiary hearing to determine whether substantial, reliable and probative evidence exists to support the board's order. See R.C. 2506.04.

Appellants' first assignment of error is sustained.

In appellants' second assignment of error, appellants contend that the common pleas court erred in denying their motion for trial *de novo*.

In *SMC, Inc. v. Laudi* (1975), 44 Ohio App.2d 325, 73 O.O.2d 378, 338 N.E.2d 547, the Cuyahoga County Court of Appeals held that the issue of the constitutionality of zoning restrictions must be tried *de novo* by the common pleas court upon an appeal from a decision of the Municipal Board of Zoning Appeals. *Id.* at 330, 73 O.O.2d at 381, 338 N.E.2d at 551. The appellate court in *SMC* reasoned that the zoning board of appeals was without authority to rule on the constitutional issue. *Id.* at 330, 73 O.O.2d at 381, 338 N.E.2d at 551.

In the present case, the administrator concluded that denial of appellees' application would constitute an unlawful taking of property, since access to the public street from the ready-mix concrete plant would be made more burdensome and expensive. Clearly, the administrator was without authority to pass on this constitutional issue. *SMC, supra.* In denying appellants' motion for a trial *de novo*, the common pleas court stated that "it does not appear to the Court that the constitutionality of the zoning restriction has been placed at issue." However, in appellees' brief before the common pleas court, appellees clearly raised a substantive due process argument as an alternative basis for granting the certificate of zoning compliance in the event that the court determined the board's decision was not supported by a preponderance of reliable, probative and substantial evidence. Since the requirements for a trial *de novo* under *SMC* were met, the trial court erred by denying appellants' motion. Accordingly, upon remand, the common pleas court is instructed to hear additional evidence relevant to the constitutional issue and to decide the issue *de novo* in the event that it finds the decision of the board unsupported by a preponderance of reliable, probative and substantial evidence.

Appellants' second assignment of error is sustained.

In appellants' third assignment of error, appellants argue that the doctrine of *res judicata* precludes the issuance of a certificate of zoning compliance for the lot in question. We disagree.

The record in this case indicates that a certificate of zoning compliance had previously been issued for a ready-mix concrete business on the property in question, that an appeal from the issuance of this certificate was taken to the common pleas court pursuant to R.C. 2506.01 *et seq.*, and that prior to a ruling on the merits of the appeal by the common pleas court, the case was dismissed. The agreed judgment entry states:

"By agreement of the parties, the decision approving a certificate of zoning compliance to defendant South Central Ready Mix Supply Corp. to operate a concrete batch plant on land of North South Partnership is vacated."

The doctrine of *res judicata* in Ohio bars relitigation of those claims in which there has been a final judgment on the merits. *Loudermill v. Cleveland Bd. of Edn.* (C.A.6, 1983), 721 F.2d 550. See, also, *Sayler v. Ohio State Racing Comm.* (1982), 7 Ohio App.3d 189, 7 OBR 236, 454 N.E.2d 982 (a judgment vacating the State Racing Commissioner's order on the basis of the commission's failure to certify a complete record to the court of common pleas, as required by statute, does not constitute a review on the merits of the appeal which would justify the application of the doctrine of *res judicata* in the second appeal from the commission's subsequent order). Civ.R. 41(A)(1)(b) clearly provides that dismissal of an action by stipulation of the parties is without prejudice unless otherwise stated in the notice of dismissal. Since the agreed judgment entry at issue does not indicate a dismissal on the merits or with prejudice to further proceedings, the common pleas court did not err when it refused to apply the doctrine of *res judicata.*

In the remainder of appellants' third assignment of error, appellants enumerate several reasons why the board's decision is not supported by a preponderance of reliable, probative and substantial evidence. In light of our conclusions sustaining appellants' first and second assignments of error and remanding the cause to the common pleas court for an oral evidentiary hearing, these arguments are not yet ripe for review.

Appellants' third assignment of error is overruled.

Having overruled appellants' third assignment of error, but having sustained appellants' first and second assignments of error, we hereby reverse the judgment of the Franklin County Court of Common Pleas, and remand the cause for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

JOHN C. YOUNG and DESHLER, JJ., concur.