[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
Appellants, Dave Raischel, Inc. d.b.a. Dave's Shell Auto Care, and Edgar Conley, appeal the decision of the Lake County Court of Common Pleas affirming the denial of their application for a conditional use permit by appellee, City of Eastlake.
The following facts are relevant to a determination of this appeal. Appellant, Dave Raischel, filed an application with the City of Eastlake for a conditional use permit to allow the operation of an automotive service station at 36542 Vine Street, Eastlake, Ohio, which was zoned B-1, Retail Business. Eastlake Ordinance 1147.02 allows the operation of an automotive service station within this zoning classification upon the issuance of a conditional use permit. Additionally, a conditional use permit may be granted when it is determined that the "use is not detrimental in the particular situation, or it is made subject to the conditions that it will not be detrimental to adjacent property or the public welfare." Eastlake Ordinance 1167.11.
On July 18, 1996, an adjudicatory hearing was conducted by the City of Eastlake Planning Commission. No oath was administered to any person speaking at the hearing. Appellant explained his proposed use, and no individual voiced opposition thereto. At the conclusion of the hearing, the Planning Commission voted unanimously to recommend approval of the application subject to the condition that there be no overnight storage of any vehicles outside the building. The Planning Commission's recommendation was forwarded to the City Council of Eastlake.
On September 10, 1996, the city council held an adjudicatory hearing on Raischel's application. Nobody spoke for or against the application. Thereafter, a regular city council meeting convened and the proposed use was placed on first reading. Following two more city council meetings, on September 24, 1996, the city council unanimously voted to deny Raischel's application for a conditional use permit.
Appellants timely appealed the decision to the trial court pursuant to R.C. 2506.01. On March 27, 1997, appellants filed a "Motion for Hearing upon Transcript and Additional Evidence." Appellants alleged that they should be permitted to supplement the transcript with additional evidence pursuant to R.C. 2506.03(A)(3) and (A)(5) due to the failure of appellee to administer an oath to any of the witnesses, and its failure to include conclusions of fact supporting its decision in the transcript. Both parties then briefed the appeal on its merits. Without ruling on appellants' motion to introduce new evidence, the trial court, on October 8, 1997, upheld the decision of appellee to deny appellants a conditional use permit.
Appellants timely filed a notice of appeal and has set forth two assignments of error:
 "1. The trial court erred in failing to grant appellants' motion for hearing upon transcript and additional evidence.
 "2. The trial court erred in affirming appellee Eastlake's decision to deny the issuance of a conditional us permit."
In the first assignment of error, appellants contend that the trial court erred in failing to grant their "Motion for Hearing upon Transcript and Additional Evidence." Appellants advance two reasons in support of their claim. First, appellants claim that they were entitled to supplement the transcript with additional testimony because none of the testimony offered at the administrative hearings was given under oath. Second, appellants assert that the transcripts from the Planning Commission and Eastlake City Council did not include conclusions of fact to support the final decision. As this court recently held:
 "[J]udicial review of an R.C. Chapter 2506 administrative appeal is generally confined to a review of the complete transcript furnished to the court by the administrative agency. An exception to this general rule, however, is set forth in R.C. 2506.03 which provides for the trial court to conduct an evidentiary hearing when an administrative body files a deficient or incomplete transcript. R.C. 2506.03 states, in pertinent part, as follows:
 "`(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:
 "`(1) The transcript does not contain a report of all evidence admitted or proffered by the appellant;
"* * *
 "`(3) The testimony adduced was not given under oath;
"* * *
 "`(5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from;
 "`If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. * * *.'" (Emphasis sic.) Boncha v. City of Mentor Mun. Planning Comm. (May 1, 1998), Lake App. No. 97-L-084, unreported, at 9-10.
Thus, it is clear that if the testimony was not given under oath, or there were no conclusions of fact filed in support of the decision, the court shall hear the appeal upon the transcript and
such additional evidence as any party may wish to introduce. See, also, T.O.P. 1 Partners v. Stow (1991), 73 Ohio App.3d 24, 26.
We note that there is a difference between an adjudicatory hearing, which is required upon an application for a conditional use permit, and a legislative public hearing, which is prescribed for applications for rezoning. In re Rocky Point Plaza Corp. (1993), 86 Ohio App.3d 486, 491; see, also, Adelman Real EstateCo. v. Gabanic (1996), 109 Ohio App.3d 689, 694. While a legislative public hearing allows members of the public to express their opinions on questions of governmental, political and policy considerations, adjudicatory hearings are not subject to public comment but, instead, involve the determination of legal rights of specific persons and whether such rights should be granted based upon evidence presented at the hearing. Adelman Real Estate Co.,supra, at 694.
In the case sub judice, the "transcript" filed by the City of Eastlake was deficient pursuant to R.C. 2506.03(A)(3) and (A)(5). There was no evidence that the testimony presented before the administrative agency was given under oath and thus there was no evidence for the common pleas court to consider on appeal. Additionally, there were no conclusions of fact to support city council's decision. Thus, the trial court was required to hear any additional evidence that either party sought to introduce on appeal.
Appellee argues that appellants waived their argument regarding the testimony not being taken under oath by failing to object to that fact at the administrative level. This exact argument was made and rejected in Brown v. City of Germantown (Sept. 23, 1988), Montgomery App. No. 10984, unreported. There, the Second District Court of Appeals Eleventh District reasoned as follows:
 "In this case it is undisputed that the testimony was not given under oath and the transcript disclosed that the only record of the final adjudication by the Council was that the application was denied. No conclusions of fact were filed. Under these circumstances any party in such appeal has a statutory right (the statute uses the word "shall") to introduce additional evidence on the appeal to the Court of Common Pleas. In addition any party may call on cross-examination any witness who previously gave testimony in opposition. The duty of the court to correct specific deficiencies in the transcript is mandatory. A refusal to do so under appropriate circumstances is clear error, prejudicial or an abuse of discretion, if any discretion exists.
"* * *
 "Where the deficiencies outlined in R.C. 2506.03
are not apparent on the face of the transcript or the party does not assert by affidavit that they occurred or were raised at the administrative level, such party is precluded from seeking to introduce additional evidence before the Common Pleas Court.
 "Appellant in this case did by failure to object waive the deficiency at the administrative level but he asserted his statutory right to correct the deficiency at the appellate level as directed by R.C. 2506.03."
The court concluded that the doctrine of waiver did not prohibit the introduction of new evidence at the trial court level and, hence, the case was remanded to the trial court to consider such evidence. We agree with this reasoning. While appellants may have waived this issue at the administrative level, they were still entitled to raise this issue in their R.C. 2506 Chapter appeal. Accordingly, appellants' first assignment of error is sustained.
In their second assignment of error, appellants submit that the trial court erred in affirming the City of Eastlake's decision to deny the issuance of a conditional use permit. This issue is now premature given our analysis and decision under appellants' first assignment of error. Thus, pursuant to Civ.R. 12(A)(1)(c), we decline to address the second assignment of error.
The judgment of the trial court is reversed and the matter remanded for further proceedings consistent with this opinion. ____________________________________ JUDGE WILLIAM M. O'NEILL
CHRISTLEY, P.J., concurs in judgment only with Concurring Opinion,
CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concurs in judgment only.
 CONCURRING OPINION