ARIA'S WAY, L.L.C., Appellant,

v.

CONCORD TOWNSHIP BOARD OF ZONING APPEALS et al., Appellees.

[Cite as *Aria's Way, L.L.C. v. Concord Twp. Bd. of Zoning Appeals*, 173 Ohio App.3d 73, 2007-Ohio-4776.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 2006–L–234.

Decided Sept. 14, 2007.

74

James F. Koehler, for appellant.
James M. Lyons, for appellees.

CYNTHIA WESTCOTT RICE, Presiding Judge.

{¶ 1} Appellant, Aria's Way, L.L.C., appeals the judgment of the Lake County Court of Common Pleas affirming the decision of appellee Concord Township Board of Zoning Appeals ("BZA"), which denied its variance request. At issue is whether appellant was entitled to a hearing under R.C. 2506.03 to present additional evidence in support of its variance request and whether the trial court erred in affirming the BZA's decision. For the reasons that follow, we reverse and remand.

{¶ 2} On or about October 18, 2005, appellant filed a request with the BZA for two area variances for a residential development on its property in Concord Township. The BZA conducted a hearing on appellant's request on November 9, 2005, and at the conclusion of the hearing, the BZA denied appellant's request.

{¶ 3} On December 7, 2005, appellant filed an administrative appeal under R.C. 2506.01 from the BZA's decision and a praecipe with the trial court. The BZA clerk filed the transcript of proceedings with the court on January 13, 2006, without findings of fact. On that date, the BZA filed a motion for extension of time to file its conclusions of fact. In its motion, the BZA stated that it needed additional time to meet and approve findings of fact in support of its decision. On January 18, 2006, before appellant's response to the motion was due under the local rules, the court granted the motion for extension to February 15, 2006. On that date, the BZA filed its findings of fact.

{¶ 4} On April 5, 2006, appellant filed its appellate brief with the trial court, and on that date also filed a motion for hearing to submit additional evidence under R.C. 2506.03(A)(5) on the ground that the BZA had not filed its conclusions of fact with the transcript. The BZA opposed the motion. On May 18, 2006, the trial court denied appellant's motion. The BZA filed its appellate brief, appellant filed a reply brief, and on September 29, 2006, the trial court affirmed the BZA's decision. Appellant appeals from the court's final judgment and its denial of appellant's motion for a hearing to take additional evidence. Appellant asserts the following assignments of error:

{¶ 5} "[1.] The Lake County Court of Common Pleas erred in denying Aria's Way's motion to strike the Concord Township Board of Zoning Appeals' tardy 'findings and conclusions of fact' and in refusing to hold a hearing to permit Aria's Way to submit additional evidence pursuant to Ohio Revised Code Sec. 2506.03(5).

{¶ 6} "[2.] The Lake County Court of Common Pleas erred in holding that the Concord Township Board of Zoning Appeals' denial of Aria's Way's variance request was not arbitrary, capricious and unreasonable and was supported by a preponderance of substantial, reliable and probative evidence."

{¶ 7} Under its first assignment of error, appellant argues that the trial court erred in denying its motion to strike the BZA's findings of fact and its motion for a hearing to submit additional evidence because the BZA did not file its findings of fact with the transcript of its proceedings. It argues that the BZA's preparation and filing of its findings of fact after filing the transcript of proceedings did not comply with R.C. 2506.03, and it is therefore entitled to a hearing at which the parties will be able to submit additional evidence. We agree.

{¶ 8} Judicial review of an R.C. Chapter 2506 administrative appeal is generally confined to a review of the transcript provided to the court by the administrative agency. *Boncha v. Mentor Mun. Planning Comm.* (May 1, 1998), 11th Dist. No. 97–L–084, 1998 WL 258403, *4.

{¶ 9} An exception to this general rule is set forth at R.C. 2506.03, which provides that the trial court is required to conduct an evidentiary hearing when, among other things, the administrative agency files a deficient or incomplete transcript. R.C. 2506.03 provides:

{¶ 10} "(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

{¶ 11} "* * *

{¶ 12} "(5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from;

{¶ 13} "If any circumstances described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party."

{¶ 14} In *Route 20 Bowling Alley, Inc. v. Mentor* (Dec. 22, 1995), 11th Dist. No. 94–L–141, 1995 WL 869959, the City Planning and Zoning Commission denied the property owner's application for a conditional use permit, but did not issue conclusions of fact in support. The landowner appealed, and the city moved for an evidentiary hearing under R.C. 2506.03. The trial court denied the motion and remanded the cause to the commission to enter conclusions of fact. The commission subsequently filed conclusions of fact, and the court then reversed the commission's denial of the permit. The city appealed. This court held that when the transcript of proceedings filed by the administrative agency does not include conclusions of fact, the common pleas court is "without authority to remand the matter or permit supplementation of the transcript [to] avoid the requirement of hearing additional evidence submitted by any party." Id. at *4.

{¶ 15} In *Raischel, Inc. v. Eastlake*, 11th Dist. No. 97–L–280, 1998 WL 964490, this court held that under R.C. 2506.03, if there are no conclusions of fact filed with the transcript in support of the administrative body's decision, the common pleas court is required to hear any additional evidence that either party seeks to introduce. Id. at *3.

{¶ 16} This court revisited this issue in *Eckmeyer v. Kent City School Dist. Bd. of Edn.* (Nov. 3, 2000), 11th Dist. No. 99–P–0117, 2000 WL 1651308. In that case, the board of education filed the transcript of the proceedings as the record, but failed to include conclusions of fact with its decision. The trial court ordered the board to complete the record by filing the board's conclusions of fact. This court held that the trial court erred in allowing the board to complete the transcript by filing conclusions of fact without first holding a hearing pursuant to R.C. 2506.03. Id. at *5. This court held that allowing the board to prepare conclusions of fact

after the transcript of proceedings had already been filed with the trial court did not comply with the statute. This court explained that the trial court had an obligation to examine the record for completeness, and "upon finding a facial deficiency in the transcript of proceedings, the court should have, at a minimum, held an evidentiary hearing for the limited purpose of deducing conclusions of law to complete the record." Id. at *6.

{¶ 17} Other appellate districts have reached the same conclusion. In *T.O.P. 1 Partners v. Stow* (1991), 73 Ohio App.3d 24, 595 N.E.2d 1044, the appellant developer's application for approval of its site plan was denied by the city council. The appellant filed an administrative appeal, and in the following month filed a motion for leave to present additional evidence based on the council's failure to file conclusions of fact as part of its transcript. The trial court denied the motion. The Ninth Appellate District held: "The common pleas judge excused this omission by allowing counsel for the city * * * to include 'findings of facts' in the answer to [the appellant's] notice of appeal. We cannot agree that this satisfies R.C. 2506.03(A)(5). Therefore, the common pleas court erred by denying the motion to present additional evidence." Id. at 26, 595 N.E.2d 1044.

{¶ 18} The Tenth Appellate District adopted the holding of *T.O.P. 1 Partners* in *Rife v. Franklin Cty. Bd. of Zoning Appeals* (1994), 97 Ohio App.3d 73, 646 N.E.2d 226. In *Rife*, the appellant landowner appealed to the board of zoning appeals the issuance by the zoning inspector of a zoning certificate to his neighbor. On the date of the hearing before the board, the zoning inspector submitted a memorandum setting forth his reasons for granting the zoning certificate. The board denied the appeal. Appellant appealed to the common pleas court, which affirmed. Appellant filed a motion to allow additional evidence on the ground that the transcript of proceedings before the board did not contain conclusions of fact. The trial court denied the motion, finding that R.C. 2506.03(A)(5) did not apply because the board adopted the conclusions of fact contained in the inspector's memorandum when the members voted to deny the appeal. The court held the inclusion of the inspector's memorandum as part of the transcript of proceedings did not satisfy R.C. 2506.03(A)(5). Id. at 78, 646 N.E.2d 226.

{¶ 19} It has been held that the mandatory language of R.C. 2506.03 "provides for the liberal supplementation of the record when the transcript provided under R.C. 2506.02 is inadequate or incomplete." *Glass v. Springfield Local School Dist. Bd. of Edn.* (Mar. 2, 1983), 9th Dist. No. 10832, 1983 WL 3998, *5.

{¶ 20} This court has held that if the transcript is deficient or incomplete, R.C. 2506.03 provides for the trial court to conduct an evidentiary hearing to "fill in the gaps." *Stein v. Geauga Cty. Bd. of Health,* 11th Dist. No. 2002–G–2439, 2003-Ohio-2104, 2003 WL 1956266, at ¶ 14.

■ {¶ 21} The BZA argues that because the trial court granted its motion for leave to file conclusions of fact after it had filed the transcript of proceedings, R.C. 2506.03 does not apply. The problem with this argument is that the trial court did not have the authority to avoid the mandate of R.C. 2506.03 by allowing the BZA to supplement the transcript after it had already been filed. This deficiency in the transcript was apparent on its face and for this reason, the trial court was obligated to allow the parties to submit additional evidence and to prepare findings of fact based upon the evidence presented before the BZA and at the R.C. 2506.03 hearing.

■ {¶ 22} R.C. 2506.03(A)(5) requires that the agency "file with the transcript, conclusions of fact." This statute further provides: "If any circumstances described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party." It is axiomatic that the word "shall" indicates a mandatory requirement. *State ex rel. Botkins v. Laws* (1994), 69 Ohio St.3d 383, 632 N.E.2d 897.

{¶ 23} It is not a question of whether the conclusions of fact were filed in a "timely" manner pursuant to leave of court. The issue is whether they were "filed with the transcript." Because in this case they were not, the transcript was deficient on its face, and an R.C. 2506.03 hearing was required.

{¶ 24} In *Eckmeyer*, we noted that the board "had never even set out its conclusions. As a result, the Board was required to call a special session * * * for that purpose. At this hearing, the Board adopted a resolution that set out the facts supporting its decision. This resolution was subsequently filed with the common pleas court * * *." *Eckmeyer*, 11th Dist. No. 99–P–0117, 2000 WL 1651308, at *5. Likewise, in the case sub judice, the BZA had not prepared its conclusions, and, instead, called a meeting after the remand for the express purpose of preparing conclusions.

{¶ 25} If an administrative agency could move for leave to file its findings of fact after its transcript had already been filed, R.C. 2506.03 would be rendered meaningless because an agency could ignore the requirement of that statute by asking for leave to file the conclusions of fact after it had filed the transcript of proceedings.

{¶ 26} We recognize that our holding may appear to put "form over substance," as the BZA argues; however, we cannot ignore the mandatory language in the statute.

{¶ 27} The BZA argues that appellant never opposed its motion to file its findings of fact after it had filed the transcript. We note that the trial court ruled on the BZA's motion five days after it was filed, although appellant had 14 days to respond under the court's local rule. The trial court thus effectively

denied to appellant its right to respond to the BZA's motion. We do not agree with the BZA's argument that appellant had to file a motion to reconsider the court's ruling to preserve its objection.

{¶ 28} The BZA next argues that because local rules required appellant's brief to be filed 30 days after the transcript was filed, appellant had to move for an evidentiary hearing before it filed its brief. We do not agree. In *Eckmeyer*, supra, this court noted that the Revised Code does not provide a time limit in which a motion requesting an R.C. 2506.03 hearing must be filed, while the local rule at issue required such motions to be filed within ten days of the date the record is filed. This court held: "[E]ven if the parties failed to timely file a motion for additional evidence, the court was obligated to determine if the record was complete, and if it was not, the court must take appropriate steps to remedy the deficiency." Id. at *2. Here, this did not occur. Since the motion was filed well in advance of the trial court's decision on the merits, it was timely. See *Rife*, supra, 97 Ohio App.3d at 78, 646 N.E.2d 226.

{¶ 29} As we stated in *Eckmeyer*, supra, by our holding today, "we are in no way implying that the Board or its attorneys fabricated the conclusions of fact that were filed. Rather, we are only saying that a common pleas court should, when faced with a transcript of proceedings lacking appropriate conclusions of fact, hold an evidentiary hearing to establish the factual basis for the decision being appealed. Otherwise, a court runs the risk of allowing in evidence that had not been subjected to the adversarial process and is possibly inaccurate." *Eckmeyer*, 11th Dist. No. 99–P–0117, 2000 WL 1651308, at *6.

{¶ 30} Appellant's first assignment of error is well taken.

{¶ 31} In its second assignment of error, appellant argues that the trial court erred in affirming the BZA's decision denying its variance request. This issue is premature in light of our analysis under appellant's first assignment of error.

{¶ 32} For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed<br>and cause remanded.

O'TOOLE, J., concur.

GRENDELL, J., dissents.