[Cite as *Ruslan, Inc. v. Toledo-Lucas Cty. Health Dept.*, 2014-Ohio-3853.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| Ruslan, Inc. | Court of Appeals No. L-13-1144 |
| Appellant | Trial Court No. CI0201204527 |
| v. | |
| Toledo-Lucas County Health Department | **DECISION AND JUDGMENT** |
| Appellee | Decided: September 5, 2014 |

* * * * *

Eric Allen Marks, for appellant.

Julia R. Bates, Lucas County Prosecuting Attorney, Kevin A.
Pituch and Karlene D. Henderson, Assistant Prosecuting
Attorneys, for appellee.

* * * * *

**JENSEN, J.**

{¶ 1} This is an appeal of a judgment by the Lucas County Court of Common

Pleas affirming a decision by the Toledo-Lucas County Health Department that ordered

appellant to remove part of a concrete patio. For the reasons that follow, we reverse and

remand this matter to the lower court with the instruction that it conduct a hearing pursuant to R.C. 2506.03(A)(5) and 2506.03(B).

## Statement of Facts and Procedural History

{¶ 2} This matter concerns an appeal of a "revised public health order" issued by the health commissioner of the Toledo-Lucas County Health Department (hereinafter the "health district"). The order was issued following an administrative hearing before the health district's environmental issues committee.

{¶ 3} The facts relevant to this appeal are not in dispute.

{¶ 4} Appellant, Ruslan, Inc., has owned the commercial property located at 11535 West Central Avenue, in Swanton, Ohio since 1995. The president and sole shareholder of Ruslan, Inc. is Russell M. Kadri. Situated on appellant's property is a bar and restaurant known as Russ' Roadhouse.

{¶ 5} Over a period of many years, appellant renovated the property several times. In 2003, appellant expanded the kitchen and relocated the septic tank. Appellant requested authorization from the health district by way of a "pink slip," which was granted. Pink slips assure the health district that any proposed new construction or remodeling on a property does not infringe on the isolation distance, mandated by Ohio law, for septic systems and wells.

{¶ 6} In 2004, appellant erected a concrete patio at the rear of the building. In 2007, appellant extended the patio into the shape of an "L," so as to avoid covering the area over the septic system. In 2008, appellant extended the patio once again. This time,

2.

the extension covered the underground septic tank, lift station, distribution box and part of the leach field. Appellant did not seek authorization for the 2008 addition.

{¶ 7} In March of 2010, appellant applied for a "pink slip" to pour additional concrete and extend the patio yet again. Alan Ruffell, the then-director of environmental health for the health district, visited the property. According to appellant, "Mr. Ruffell indicated that he could live with what he saw, but that he was going to deny the [proposed 2010] additional expansion." On April 15, 2010, appellant's request was formally denied. Appellant did not appeal the decision.

{¶ 8} On January 5, 2012, a representative from the health district visited appellant's property on another matter when she observed the concrete patio, now covering the septic system and part of the leach field. On January 25, 2012, the health district issued a "public health order" wherein it directed appellant to remove that part of the patio covering the septic tank, lift station, distribution box, and leach field.

{¶ 9} Appellant requested a variance from the order. By order dated April 12, 2012, the health district granted appellant a conditional variance, permitting the concrete slab at issue to remain but ordering appellant to remove all structures atop the concrete and to prohibit any items, people or activity on or near the area.

{¶ 10} Appellant continued to allow patrons to congregate on the patio. On May 25, 2012, the health district suspended the variance.

3.

**{¶ 11}** A hearing was held on June 27, 2012, before the environmental issues committee. Several witnesses testified, including Mr. Kadri, who appeared on behalf of appellant, and Eric Zgodzinski, the director of environmental health services.

**{¶ 12}** Two days after the hearing, on June 29, 2012, the health commissioner for the district, who did not attend the hearing, issued a "revised public health order," notifying appellant that the previous public health order was being "re-issued." Appellant was once again ordered to remove the unauthorized portion of concrete.

**{¶ 13}** Appellant appealed the decision to the Lucas County Court of Common Pleas, and the lower court issued a briefing schedule. Appellant filed his brief, arguing against the decision and proffering additional evidence for the trial court to consider. The evidence consisted of eight proposed exhibits and an affidavit from Mr. Kadri.

**{¶ 14}** In the affidavit, Mr. Kadri recounted a post-hearing conversation with Naajy Abdullah from the Ohio EPA. The contents of the alleged conversation directly contradict an email, allegedly written by Mr. Abdullah, that was admitted, without objection, during the administrative hearing. In essence, appellant argued that Mr. Abdullah, if he testified, would not support the health district's case.

**{¶ 15}** Appellee then filed its brief, along with an affidavit from Mr. Zgodzinski.

**{¶ 16}** Next, appellant filed "Appellant's reply brief and request for hearing." In the reply, appellant explained the relevance of Mr. Abdullah in this case. Appellant also complained that a post-hearing ex parte communication may have taken place between the committee and Alan Ruffell. At the time of the hearing, Mr. Ruffell was no longer

4.

employed by the health district, and he did not testify. Nonetheless, as the hearing was concluding, the committee chairman said that a decision would be forthcoming "depend[ing] on how available Mr. Ruffell is, I think that's a pivotal part of this puzzle, so, I'm not sure where he is, Ok." Based upon this comment, appellant suggests that the committee may have consulted with Mr. Ruffell in reaching a decision and complains that it was denied an opportunity "to refute, test or explain that evidence."

{¶ 17} The reply memorandum concludes, "[a]ppellant respectfully requests a hearing on all issues presented in this appeal."

{¶ 18} In its 26 page decision, the lower court notes that the health district failed to provide conclusions of fact with the filing of the transcript. Given the absence of such findings, the court admitted the parties' respective exhibits and affidavits as "gap fillers," pursuant to R.C. 2506.03(A).

{¶ 19} The court denied, however, appellant's request for a hearing. It said, "Simply put, the only issue before the Committee, at hearing, related to a 2012 violation of a 2012 variance. Accordingly, the Court finds no basis to admit additional evidence, not presently before the Court, relative to Ruffell."

{¶ 20} On July 2, 2013, appellant filed a notice of appeal with this court. Appellant alleges two assignments of error:

5.

I.  Whether the lower court erred in denying Appellant's request for a hearing.

II.  Whether the lower court erred in holding that there was a preponderance of competent, credible evidence that required an affirmation of the June 29, 2012 Revised Public Health Order.

**Law and Analysis**

{¶ 21} R.C. 2506.04 governs appellate review of administrative appeals. It provides:

If an appeal is taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code, the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court.  The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code.

6.

**{¶ 22}** In *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000), the Ohio Supreme Court further explained how appellate review of an administrative decision by a common pleas court differs from that by a court of appeals. It said,

> Construing the language of R.C. 2506.04, we have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the "whole record," including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. *See Smith v. Granville Twp. Bd. of Trustees*, 81 Ohio St.3d 608, 612, 693 N.E.2d 219 (1998), citing *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 206-207, 389 N.E.2d 1113 (1979).

> The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is "*more limited* in scope." (Emphasis added.) *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984). "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common

pleas court." *Id.* at fn. 4. "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals, or this court, might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 261, 533 N.E.2d 264 (1988).

{¶ 23} With the above in mind, we consider the first assignment of error as to whether the trial court erred when it denied appellant's request for a hearing.

{¶ 24} Pursuant to R.C. 2506.03, judicial review of an administrative appeal is normally limited to a review of the complete transcript filed in the common pleas court. The statute provides,

2506.03 Hearing of appeal confined to transcript unless certain defects exist

(A) The hearing of an appeal taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code shall proceed as in the trial of a civil action, but the court shall be confined to the transcript filed under section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

8.

\* \* \*

(5) The officer or body failed to file with the transcript conclusions of fact supporting the final order, adjudication, or decision.

{¶ 25} Thus, the right to a hearing is limited to those situations set forth in section (A)(1)-(5) of R.C. 2506.03. When such "defects" exist, then the statute further directs,

If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to that party. R.C. 2506.03(B).

{¶ 26} In this case, no conclusions of fact were filed with the transcript. Appellant argues that the trial court therefore erred when it denied its request for an evidentiary hearing, pursuant to R.C. 2506.03(A)(5).

{¶ 27} Appellant states that he would have called witnesses Ruffell, Abdullah, "or other witnesses." By denying his request, the trial court "denied a meaningful review \* \* \* when it refused to grant an *evidentiary hearing* \* \* \*." (Emphasis added.) While not conceding the point, appellee argues that appellant was not entitled to a de novo hearing.

{¶ 28} We begin with the express language of the statute. R.C. 2506.03(B) states that if "any" of the circumstances set forth in section (A)(1)-(5) exist, then additional evidence "may be introduced by either party." The second sentence, beginning with the

9.

words, "[a]t the hearing" clearly contemplates that the parties will be allowed to present such evidence at a live hearing.

{¶ 29} Moreover, those appellate courts in Ohio that have ruled on this issue have found the right to introduce additional evidence under R.C. 2506.03(A) includes the right to a hearing.

{¶ 30} For example, in *Price v. Margaretta Twp. Bd. of Zoning Appeals,* 6th Dist. Erie No. E-04-023, 2005-Ohio-1778, ¶ 30, we cited with approval a decision from the Fourth District Court of Appeals finding,

> "[T]he long standing precedent in this state is that 'where an appellant files an affidavit stating that there were deficiencies in the hearing on which the administrative decision is based, the court of common pleas must consider this and *afford the appellant a hearing* to correct the deficiencies outlined in R.C. 2506.03.'" (Emphasis added; citations omitted.) *Bay v. Gallia-Vinton Educ. Serv. Ctr.,* 4th Dist. Gallia No. 02CA9, 2003-Ohio-7335, ¶ 55.

{¶ 31} In *Price,* we remanded the case back to the lower court for a hearing, pursuant to R.C. 2506.03(A)(2)(d), because the appellants were barred from presenting evidence as to the sole issue upon which the board's decision was based. *Id.; see also CBS Outdoor, Inc. v. Cleveland Bd. of Zoning Appeals,* 8th Dist. Cuyahoga No. 98141, 2013-Ohio-1173, ¶ 47.

10.

**{¶ 32}** Likewise, the Eleventh District Court of Appeals has ruled,

It is not a question of whether the conclusions of fact were filed in a "timely" manner pursuant to leave of court. The issue is whether they were "filed with the transcript." Because in this case they were not, the transcript was deficient on its face, and an R.C. 2506.03 hearing was required. *Arias's Way, LLC v. Concord Twp. Bd. of Zoning Appeals,* 173 Ohio App.3d 73, 2007-Ohio-4776, 877 N.E.2d 398, ¶ 23 (11th Dist.).

**{¶ 33}** In *Huang v. Kent City School Dist. Bd. of Ed.*, 11th Dist. Portage No. 2008-P-0038, 2008-Ohio-5947, a case similar to the one at bar, appellant contested his five day suspension by his public high school. A hearing was held, following which, the hearing officer for the board of education wrote appellant to inform him that the suspension was upheld. *Id.* at ¶ 10. No conclusions of fact were prepared. *Id.* at ¶ 11. Appellant appealed to the Portage County Court of Common Pleas, where he filed a motion to present additional evidence and requested an opportunity to further cross-examine the witnesses. *Id.* The court denied the motion and affirmed the decision of the board. *Id.*

**{¶ 34}** On appeal, the Eleventh District Court of Appeals reversed. It found that "the trial court erred in denying appellant's request for an evidentiary hearing since no conclusions of fact were filed. On this basis, we reverse." *Id.* at ¶ 21. The court specifically rejected the board's argument that the letter from the hearing officer, notifying appellant that the board had upheld the suspension, was sufficient to satisfy the requirement of filing conclusions of fact. *Id.* at ¶ 32. Likewise, in this case, the revised

11.

public health order, authored by the health commissioner, cannot be said to satisfy the conclusions of fact requirement because the commissioner did not attend the hearing. Moreover, the revised public health order merely restates the original order that was prepared prior to the administrative hearing.

{¶ 35} We stress that a hearing is not scheduled as a matter of right. Thus, in *Superior 24 HR Towing & Rd. Serv., L.L.C. v. Springfield Twp.,* 6th Dist. Lucas Nos. L-10-1049, L-10-1050, 2010-Ohio 5895, ¶ 53, we found that the trial court did not err in failing to hold a hearing because appellant never requested one.

{¶ 36} Here, there is no dispute that appellant failed to obtain the necessary authorization before constructing the 2008 patio extension or that he failed to adhere to the conditions set forth in the 2012 variance. Moreover, we express no opinion with regard to the relevance or persuasiveness of the proffered evidence by either party. Indeed, if conclusions of fact had been prepared, the trial court may have had some guidance as to what bearing, if any, Mr. Abdullah's email or Mr. Ruffell's hearsay statements, including any ex parte statements, may have had on the health district's decision. Because the record contains no conclusions of fact, the lower court did not have a complete record to allow it to properly weigh the evidence and determine if the health district's decision was supported by the preponderance of substantial, reliable, and probative evidence.

{¶ 37} Our role is limited to ruling on questions of law. Under these circumstances, appellee's failure to file conclusions of fact with the record rendered the

12.

record deficient under R.C. 2506.03(A)(5).  Appellant's proffer of evidence, through his affidavit and request for a hearing, was proper, and the lower court erred in denying appellant's hearing request.  Appellant's first assignment of error is well-taken.

{¶ 38} Because our ruling on appellant's first assignment of error is dispositive of the appeal, we find appellant's second assignment of error moot, and we decline to address it. *See* App.R. 12(A)(1)(a) and (c).

{¶ 39} For the foregoing reasons, the judgment is reversed and the cause is remanded to the Lucas County Court of Common Pleas for further proceedings, consistent with this decision.  Pursuant to App.R. 24, costs are assessed to appellee.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.             _____
                              JUDGE
Stephen A. Yarbrough, P.J.

James D. Jensen, J.                      _____
CONCUR.                                                            JUDGE

    _____
                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.